# United States Court of Appeals

## For the First Circuit

No. 01-2062

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

NORMA BURGOS-ANDÚJAR,

Defendant, Appellant.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

———————————

Before

Torruella, Circuit Judge,

Kravitch,* Senior Circuit Judge,

and Lynch, Circuit Judge.

———————————

Joaquín Monserrate-Matienzo, for appellant.
Francis J. Bustamante, Special Assistant U.S. Attorney, with whom Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant U.S. Attorney, Chief, Criminal Division, and Margaret A. Larrea, Special Assistant U.S. Attorney, were on brief, for appellee.

———————————

* Of the Eleventh Circuit, sitting by designation.

December 19, 2001

**TORRUELLA, Circuit Judge.** Defendant-appellant Norma Burgos-Andújar appeals her sentence of sixty days' imprisonment after her conviction for criminal trespass on naval property. Appellant contends that the district court erred when it increased her sentence from forty days to sixty days. Because we find that the district court increased appellant's sentence in response to her continuing allocution, we affirm.

## I.

On April 28, 2001, officers of the United States Navy arrested appellant on a small island off the coast of Vieques, Puerto Rico for trespassing in Navy territory. On July 6, 2001, after a bench trial, appellant was convicted of criminal trespass in violation of 18 U.S.C. § 1382. After finding the appellant guilty, the district court gave appellant and her co-defendants an opportunity to address the court. Thereafter, appellant made a statement.[1] After appellant concluded her statement, the court said, "Just keep in mind that you are a lawmaker, not a lawbreaker. I'll hear the next one." To which appellant replied, "And you have to bring us justice." After a short recess, the court announced sentences for all the defendants, including appellant.

---

[1] Appellant submitted a written statement, in Spanish, which was translated and presented to the court.

When announcing appellant's sentence, the court began by explaining its rationale for the sentence. This statement focused largely on appellant's position as a legislator in the Puerto Rican Senate and her involvement in the movement to stop military exercises on Vieques through civil disobedience. At one point, the court included a reference to unknown "masked men" who had previously entered Camp Garcia but who were not related to the current proceedings. Shortly thereafter, as the court was still discussing its rationale for appellant's sentence but before pronouncing any sentence, appellant attempted to respond to the court's comments. This is evident because the record reflects the court interrupting its statements to say, "I'll give you a chance." After finishing its comments, the court proceeded as follows:

> With that in mind, I am sentencing you as follows:
> It is the judgment of this Court that Defendant, Norma Burgos, is hereby sentenced and hereby ordered committed today to a term of 40 days [and] a special monetary assessment in the amount of $10 is imposed. . . . That will be all.

After this pronouncement, appellant interjected, "You said --." To which the court, once again, said, "That's all." At this point, appellant again spoke, saying, "You said you were going to allow me to speak," apparently referring to the point in the prior statement when the court said, before imposing sentence on appellant, "I'll give

you a chance." The court then allowed appellant to speak, cautioning her to keep it brief.

Appellant then said:

> I do recognize what your function is. As a Judge of the U.S. District Court here in Puerto Rico, you have to interpret and provide justice. But what justice are you imparting when you are presuming that at this point in time when you're passing sentence upon me the people who were hooded there were not people who were working for the Navy and following the orders of Navy personnel?
> When did they come before you in this court? What was the evidence presented before you to demonstrate that they were guilty as when they were working for the cause of Vieques?
> You said that you expect that the same way that I imagine that your people will seek peace and they will work and have respect for the Constitution that they uphold. That's correct?
> But then before this court more than 700 people to this day have come and passed before this court to be judged by all of you, you as the judges, with evidence that demonstrates that the ones who are violating the greater law are the members of the Navy. What are you waiting for in order to come and arrest them and judge them?

The court then warned the appellant to be careful, telling her, "You are becoming defiant. I think it would behoove you to calm down and think about what you are going to say. It does not behoove you to defy the court." From this point forward, the record contains only the statements of the court and appellant's lawyer. Appellant apparently continued in Spanish, and her comments are not recorded.

The record does reflect the court's attempts to stop appellant's continuing speech with periodic interruptions that read, "That will be all. . . .Miss Burgos, that's it. Will you please -- ." At the apparent end of appellant's statement, the court stated, "Okay. I'll change that sentence to 60 days." The court then had appellant escorted from the courtroom. Appellant's attorney immediately asked for a reconsideration which the court refused.

Appellant then sought to be released on bail during her current appeal. The court denied her motion saying, "The longer sentence that the Court imposed on Defendant was not based on a finding of contempt. The Court simply exercised its discretion under 18 U.S.C. § 1382 to impose a sentence of not more than six months' imprisonment. No contempt proceedings were necessary."

Appellant then filed an appeal and motion for bail on appeal with this Court on July 23, 2001. We granted the motion for bail on appeal on August 10, 2001.

## II.

Appellant was convicted under 18 U.S.C. § 1382 which forbids unlawful entry onto naval property, inter alia. This section also authorizes imprisonment of offenders for terms of up to six months. See id. Appellant received a sentence of only sixty days, well below the statutory limit. Because convictions under section 1382 are Class B misdemeanors, see 18 U.S.C. § 3559(a)(7), and not subject to the

Sentencing Guidelines, see U.S.S.G. § 1B1.9, we generally review sentences under section 1382 to determine if they are "plainly unreasonable." 18 U.S.C. §§ 3742(e)(4); see also United States v. Sharpton, 252 F.3d 536, 540 (1st Cir. 2001) (per curiam).  There is no suggestion here that had the district court simply sentenced appellant to sixty days that such a sentence would have been plainly unreasonable.[2]  Therefore, as a threshold matter, we find no error as to the length of appellant's sentence.

Appellant's central contention, however, is that the district court erred when it altered her sentence from forty days to sixty days. Generally, a sentencing court has broad discretion, and we review sentencing determinations only for abuse of discretion.  See United States v. Jiménez-Rivera, 842 F.2d 545, 548 (1st Cir. 1988).  However, the sentencing court does have to comply with certain procedural rules, and we review compliance with those procedural rules de novo.  See United States v. Encarnación, 239 F.3d 395, 398 (1st Cir. 2001); see also United States v. Myers, 150 F.3d 459, 461 (5th Cir. 1998).

As a basic rule, the sentencing court must "determine whether the defendant wishes to make a statement and to present any information

---

[2] Appellant essentially concedes this point.  In her brief to this court, appellant claims that the forty-day sentence was "inaccurate" and "disproportionate" because it exceeded the sentences of her co-defendants by ten days.  However, appellant acknowledges that this sentence was legal.  We see no reason why we should treat the forty-day and sixty-day sentences differently for the purposes of determining whether they are plainly unreasonable.

in mitigation of sentence." Fed. R. Crim. P. 32(c)(3)(C) (emphasis added). This is not merely a technical rule, but reflects our long tradition of giving all defendants the right to directly address the court and plead for mercy. See Green v. United States, 365 U.S. 301, 304 (1961); see also United States v. de Alba Pagán, 33 F.3d 125, 129 (1st Cir. 1994) ("It is designed to temper punishment with mercy in appropriate cases, and to ensure that sentencing reflects individualized circumstances."); see also Myers, 150 F.3d at 463 (stating that a remand is needed when a judge's comments indicate that he would be unmoved by anything the defendant might say during the allocution). In keeping with the importance of this rule, if a sentencing court fails to provide a defendant with the chance to address the court, the reviewing court must remand the case for resentencing, generally without needing to inquire into prejudice. See de Alba Pagán, 33 F.3d at 130.

To satisfy the requirements of Rule 32(c)(3)(C), we encourage the sentencing court to address the defendant personally, see Green, 365 U.S. at 304, and allow the defendant to speak on all topics which the defendant considers relevant. See de Alba Pagán, 33 F.3d at 129. The sentencing judge must be explicit when informing the defendant of her right to allocute. See United States v. Edgecomb, 910 F.2d 1309, 1315 (6th Cir. 1990) (holding it insufficient when the sentencing judge only questioned defendant on certain aspects of the presentence

report); see also United States v. Navarro-Flores, 628 F.2d 1178, 1184 (9th Cir. 1980) (remanding for resentencing because the judge did not address the defendant personally); United States v. Murphy, 530 F.2d 1 (4th Cir. 1976) (remanding for resentencing when the sentencing judge engaged the defendant on a specific issue and then asked twice if there was anything "you" want to add, to which the defense counsel and then the prosecutor responded but never the defendant). Similarly, the sentencing court must be clear in informing the defendant of her right to speak broadly:

> . . . the court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had the right to speak on any subject of his choosing prior to the imposition of his sentence.

de Alba Pagán, 33 F.3d at 129 (emphasis added).

There is no question here that the sentencing judge complied with the requirements of Rule 32(c)(3)(C). Appellant made an allocution before the judge began announcing the sentence. The issue before us, however, is how to consider appellant's second statement to the court. On the facts before us, in which the sentencing judge indicated, prior to the imposition of sentence, that appellant would be given an opportunity to respond, we hold that it was a continuation of the allocution.

The Federal Rules of Criminal Procedure do not accord a defendant the right to a second allocution. In fact, the rules do not even require a sentencing court to remind a defendant of the right to allocute so long as the court clearly notifies the defendant once. See United States v. Franklin, 902 F.2d 501, 506-07 (7th Cir. 1990) (holding right to allocution not denied when judge addressed defendant by name and asked him if he had anything to say but did not renew that invitation after defense counsel finished speaking). However, the fact that there is no right to a second allocution does not mean that a sentencing court may not grant a defendant a second opportunity to address the court.

Here, appellant interrupted the sentencing, expressing a desire to speak again. Before the judge actually pronounced any sentence, he acknowledged appellant's wish to speak and promised to give her time to so respond. The judge did not need to grant appellant's request, but he did.[3] Appellant then proceeded to make her statement, which was clearly intended to influence the length of her sentence. She spoke about how it was unfair for the judge to conflate

---

[3] Considering the importance of the right to allocute discussed above, the judge may have erred on the side of caution in granting appellant's request to speak again. He simply gave appellant the opportunity to discuss all matters she thought needed to be addressed in relation to her sentence. It is an example of a sentence judge applying Rule 32(c)(3)(C) "liberally." United States v. Barnes, 948 F.2d 325, 328 (7th Cir. 1991).

-10-

her with the masked men because they had never been tried and their identities never established. She said, specifically:

> But what justice are you imparting when you are presuming that at this point in time when you're passing sentence upon me the people who were hooded there were not people who were working for the Navy and following the orders of Navy personnel? When did they come before you in this court?

Not only was appellant making a plea to the judge to mitigate her sentence. She was also engaging the judge with specific references to the judge's own concerns. This fits the purpose of the allocution right which "envisions a _personal_ colloquy between the sentencing judge and the defendant." Myers, 150 F.3d at 461 (emphasis in original).

Unfortunately for appellant, her statement did not have the intended effect of lowering her sentence. Rather, the judge increased her sentence. There are several reasons why the judge may have done this, all permissible within his discretion in sentencing. First, appellant essentially declared herself innocent of crime and thus was refusing to acknowledge the impact of her illegal action. Second, in her comments, she disparaged the validity of the law she broke, accusing the United States Navy of breaking the "greater law." Her statements certainly suggest a lack of remorse, an attempt to avoid responsibility for her actions, and even a likelihood of repeating her illegal actions. Any of these reasons may have legitimately led the sentencing judge to increase appellant's sentence.

-11-

The question then becomes whether the sentencing judge properly considered appellant's statements when he increased her sentence.[4] Rule 35(c)(3)(C) requires a judge to always consider a defendant's allocution when imposing sentence, even if the judge had previously announced a tentative sentence before the exercise of defendant's right of allocution.  See United States v. Mata-Grullon, 887 F.2d 23 (1st Cir. 1989) (per curiam); see also United States v. Margiotti, 85 F.3d 100 (2d Cir. 1996); United States v. Wolfe, 71 F.3d 611, 614-15 (6th Cir. 1995); United States v. Laverne, 963 F.2d 235 (9th Cir. 1992).  When a judge announces a sentence before hearing an allocution, it is fair to assume that such a sentence is tentative and that the judge will consider the defendant's statements before imposing a final sentence.  See Mata-Grullon, 887 F.2d at 25; see, e.g., Margiotti, 85 F.3d at 104 (holding that in case where the sentencing judge forgot to give defendant opportunity to speak before announcing a sentence but then promptly rectified the error by allowing defendant to speak, the sentence was not imposed until after defendant allocuted); Laverne, 963 F.2d 235 (holding the right to allocute was not violated when court announced a tentative sentence and then allowed defendant a right of allocution).

---

[4] At oral argument, appellant's counsel argued that the sentencing judge could have considered appellant's statement only for the purposes of lowering her sentence.  There is no support for such a proposition. If the judge had the authority to adjust appellant's sentence downward, he had the authority to adjust it upward.

Here, the sentencing judge granted appellant the right to speak before he sentenced her. While so engaged, appellant interrupted the sentencing for the purpose of refuting the judge's commentary and, obviously, for the purpose of influencing his pronouncement. Before continuing her sentencing, the judge indicated he would grant appellant the opportunity to be heard again. After imposing the forty days' sentence, the judge then allowed appellant to continue her allocution. The sentencing judge was fully justified in considering her full allocution, which included her comments during the second part of her allocution. Because of the way the hearing developed, the forty-day sentence was functionally a tentative sentence. See Mata-Grullon, 887 F.2d at 25; see also Laverne, 963 F.2d 235. Thus, the sixty-day sentence was properly imposed in response to appellant's full allocution.

## III.

Notwithstanding the sentencing court's discretion to alter her sentence in response to her continuing allocution, appellant claims that her sentence is invalid for two reasons.

## A.

First, appellant asserts that the district court imposed an additional twenty days because of its perceived "defiance" of the appellant and that such a penalty is a punishment for criminal contempt. She also contends that the district court failed to comply

-13-

with the strict procedural requirements for punishing criminal contempt. See Fed. R. Crim. P. 42(a) (requiring the court to certify that it witnessed the contemptuous conduct and enter an order reciting the facts). We agree with appellant's contention that the district court did not comply with the requirements for criminal contempt under Rule 42(a), but we disagree that the disputed twenty day increase is a criminal contempt sanction.

Appellant points to two facts in support of her argument that the additional twenty days' imprisonment is a criminal contempt sanction: (1) the district court said that the appellant was becoming "defiant" before announcing the sixty-day sentence and (2) the district court had already announced a sentence of forty days' imprisonment.

We have held that it is necessary to look to the "purpose and character of the sanctions imposed" and not to the name used by the district court when evaluating whether a particular sanction is for criminal contempt. In re Kave, 760 F.2d 343, 351 (1st Cir. 1985); see also United States v. Winter, 70 F.3d 655, 660 (1st Cir. 1995) (holding that the characterization of a contempt sanction is a question of law and is not binding on this Court). While these cases deal with the distinction between civil and criminal contempt, the label affixed by a district court need not be controlling regardless of whether the district court called it contempt in the first place. Hicks v. Feiock, 485 U.S. 624, 629 (1988). Here, the sentencing court was explicit that

-14-

there was no contempt finding at all. When it considered appellant's motion for bail on appeal, the court said, "The longer sentence that the Court imposed on Defendant was not based on a finding of contempt." However, neither of the facts cited by appellant persuades us to overlook the district court's overt statement that there was no contempt finding here. As discussed above, the sentencing court raised appellant's sentence in response to her continuing allocution.

Even if appellant's behavior at sentencing had risen to the level of clear contempt,[5] the sentencing court maintains flexibility in how to deal with such conduct. See United States v. Pina, 844 F.2d 1, 14 (1st Cir. 1988) ("The contempt power, however, is not the only weapon available to a judge to protect the order and dignity of the courtroom in the face of an openly contumacious defendant."). One alternate tool is to remove the contemptuous party from the courtroom, see id. at 14-15, as the judge did here. The fact that the judge adopted alternate means to deal with a "defiant" defendant suggests even more strongly that the increased sentence was not a contempt sanction.

---

[5] The district court warned appellant that she was becoming "defiant" part way through her second statement. Appellant then continued to speak, in Spanish. While we do not have a record of appellant's Spanish statements, we assume that had appellant's Spanish statements risen to the level of criminal contempt, the district court would have stopped appellant, had her comments translated for the record, and made a contempt finding. In the absence of such action by the district court, we assume that appellant said nothing which rose to the level of criminal contempt.

Second, appellant argues that the district court did not make a clerical, technical, or other clear mistake when imposing the original forty-day sentence, so it lacked authority to later alter that sentence. See Fed. R. Crim. P. 35(c) ("The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."). Rule 35(c) is a very narrow rule:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity . . . simply to change its mind about the appropriateness of the sentence.

Fed. R. Crim. P. 35(c) advisory committee's note; see also United States v. Aqua-Leisure Indus., Inc., 150 F.3d 95, 96 (1st Cir. 1998) (noting that Rule 35 was amended to restrict the discretion of the district court in altering a lawfully imposed sentence). We agree with appellant that the original sentence did not suffer from any error

allowing alteration under Rule 35(c).[6]  However, we also find that the sentencing court did not alter her sentence under Rule 35(c).

## IV.

Appellant's sentence is valid because it was imposed after appellant's full allocution before final sentencing.  Therefore, we affirm the sixty-day sentence.

**Affirmed**.

---

[6] Because we hold that there was no alteration under Rule 35(c), we find it unnecessary to address the complicated question of exactly when a sentence is imposed for purposes of Rule 35(c).  Currently, there is a circuit split on this issue.  Many circuits look to the oral imposition of sentence.  Compare United States v. Aguirre, 214 F.3d 1122, 1125 (9th Cir. 2000) (holding that oral imposition of sentence begins seven day clock for Rule 35(c)); see also United States v. Morrison, 204 F.3d 1091, 1094 (11th Cir. 2000) (same); United States v. González, 163 F.3d 255, 263-64 (5th Cir. 1998) (same); United States v. Abreu-Cabrera, 64 F.3d 67, 73-74 (2d Cir. 1995) (same); United States v. Layman, 116 F.3d 105, 108-09 (4th Cir. 1994) (same); United States v. Townsend, 33 F.3d 67, 73 (10th Cir. 1994) (same); with United States v. Clay, 37 F.3d 338, 340 (7th Cir. 1994) (holding that a sentence is not imposed until judgment enters, for purposes of Rule 35(c)).  This circuit has not decided this issue, but we have suggested that we will look to the date judgment enters, not oral pronouncement.  See United States v. Morillo, 8 F.3d 864, 869 n.8 (1st Cir. 1993).