HENRY, Circuit Judge,
concurring,
I concur but write separately to explain why I agree with the majority’s conclusion of the per se prejudice in this situation.
The Supreme Court has stated that “a violation of Rule 43 may in some circumstances be harmless error.” See Rogers v. United States, 422 U.S. 35, 40, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975). Accordingly, some decisions of this court have applied harmless error analysis when the defendant raises a constitutional or rule-based challenge arising out of his absence from a particular proceeding.[1]
*1250 However, I have found no decisions that have applied harmless error analysis when the defendant was completely absent from the courtroom during sentencing. Cf Green v. United States, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) (discussing the importance of the common-law right of allocution and noting that, “[a]s early as 1689, it was recognized that the court’s failure to ask the defendant if he had anything to say before sentence was imposed required reversal ”) (emphasis added); United States v. Burgos-Andujar, 275 F.3d 23, 28 (1st Cir.2001) (noting the importance of allowing the defendant to address the judge before a sentencing is pronounced and stating that “[i]n keeping with the importance of this rule, if a sentencing court fails to provide a defendant with the chance to address the court, the reviewing court must remand the case for resentencing, generally without needing to inquire into prejudice ”) (emphasis added). The variety of discretionary decisions confronted by the sentencing judge (e.g., downward departures and the imposition of certain conditions of supervised release) underscores “the value of face-to-face sentencing.” United States v. Navarro, 169 F.3d 228, 239 (5th Cir.1999). Therefore, in my view, appellate review through harmless error analysis is an inadequate substitute for the defendant’s personal appearance in the sentencing judge’s courtroom.
In this case, in contravention of Rule 43 of the Federal Rules of Criminal Procedure, Mr. Torres-Palma was not afforded the right to appear personally in court before the judge pronounced the sentence that deprived him of his liberty. In light of the deep historical roots of the right of allocution, see Green, 365 U.S. at 304, 81 S.Ct. 653, and the language of Rule 43, I agree that the case must be remanded for resentencing.

. See United States v. Santiago, 977 F.2d 517, 522 (10th Cir.1993) (stating that "reversal based on a defendant's absence at a particular proceeding is not warranted if the record completely negatives any reasonable possibility of prejudice arising from such error” and concluding that a defendant's exclusion from the trial judge’s ex parte questioning of a juror on the record was harmless) (internal quotation marks omitted); United States v. Wilburn, 549 F.2d 734, 737 (10th Cir.1977) (stating that “[djeprivation of a defendant’s right to be present at every stage of trial is subject to the harmless error rule and exchanges between the judge and jurors will not constitute reversible error lacking showing of clear prejudice to the absent defendant” and concluding that the trial judge's instruction to the jury to continue deliberations — given without the defendant or his counsel being present — was harmless).