

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-3-2008

# USA v. Caste

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Caste" (2008). *2008 Decisions.* Paper 166.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/166

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-3319

———

UNITED STATES OF AMERICA

v.

FELIX ANTHONY CASTE,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 07-cr-00123)
District Judge: Honorable Alan N. Bloch

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2008

Before: AMBRO, WEIS, JR., and VAN ANTWERPEN, Circuit Judges.

(Filed December 03, 2008 )

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Appellant Felix Caste appeals his July 25, 2007 sentence. Because Caste executed

a valid appellate waiver, we decline to exercise our jurisdiction to hear this appeal and

affirm the judgment of the District Court.

I.

Because we write solely for the parties, we will address only those facts necessary to our opinion.

Caste was charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). According to the facts adduced at the plea hearing and contained in the Pre-Sentence Report (PSR), Caste was found to be in possession of seven compact discs containing several hundred still images and six video clips depicting child pornography and a computer that contained traces of previously deleted child pornography.

On June 18, 2007, Caste entered into a plea agreement with the Government. The agreement contained a provision stating that Caste waives the right to take a direct appeal from his conviction or sentence unless the Government files an appeal first, the sentence exceeds the statutory maximum for the offense to which he pled guilty, or the sentence unreasonably exceeds the recommended Guidelines range. The District Court, before Caste's formal guilty plea, held a hearing during which it verified that Caste had read and understood the plea agreement.

On July 25, 2007, after hearing arguments from both sides and explicitly following the three-step sentencing process described in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), the District Court sentenced Caste to 46 months' imprisonment, to be followed by supervised release for life. Caste filed a timely appeal, arguing that his

sentence was procedurally unreasonable and that the District Court violated his procedural due process rights during sentencing.

II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) ("[T]his court retains subject matter jurisdiction over [an] appeal by a defendant who [has] signed an appellate waiver."). We review the validity of appellate waivers de novo. *See United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

In addressing the validity of an appellate waiver, this Court considers whether the waiver was knowing and voluntary, whether one of the specific exceptions set forth in the plea agreement prevents enforcement of the waiver, and whether enforcement of the waiver would work a "miscarriage of justice." *United States v. Jackson*, 523 F.3d 234, 243-44 (3d Cir. 2008); *see also Khattak*, 273 F.3d at 563 ("Waivers of appeal, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice."). Appellant bears the burden of establishing that the appellate waiver should not be enforced. *See Khattak*, 273 F.3d at 562-63.

The record clearly demonstrates that Caste knowingly and voluntarily executed the waiver. The language of the plea agreement is "clear as to its purpose and effect" to bind Caste and the Government to its provisions. *See Gwinnett*, 483 F.3d at 203-04. The plea

3

agreement unambiguously states that, notwithstanding certain exceptions, Caste "waives the right to take a direct appeal from his conviction or sentence . . . [and] further waives the right to file a motion to vacate sentence . . . and the right to file any other collateral proceeding attacking his conviction or sentence." The Rule 11 colloquy provides further evidence that the waiver was valid. *See Khattak*, 273 F.3d at 563 ("In determining whether a waiver of appeal is 'knowing and voluntary,' the role of the sentencing judge is critical."). During that colloquy, the District Court confirmed that Caste signed the plea agreement and that he had reviewed it with his attorney. The District Court specifically verified that Caste understood that he "entered into a plea agreement under which [he has] waived some or all of [his] appeal rights, including the right to file a motion to vacate sentence or any other collateral proceeding attacking [his] conviction or sentence."

As Caste validly waived his right to appeal, we must now determine whether one of the specific exceptions set forth in the plea agreement prevents enforcement of the waiver. They clearly do not. The Government has not filed an appeal. The sentence of 46 months, followed by supervised release for life, does not exceed the statutory maximum and is at the bottom of the advisory Guidelines range of 46-57 months. Thus, Caste's appeal is not permitted under the specific exceptions listed in the plea agreement.

Having established that Caste's waiver of appeal was knowing and voluntary and that none of the plea agreement's exceptions is applicable, we must now determine whether this case presents one of the "unusual circumstance[s]" where enforcement of the

waiver would work a "miscarriage of justice." *See Khattak*, 273 F.3d at 562; *Gwinnett*, 483 F.3d at 203. The miscarriage of justice determination is open ended and depends on factors such as "'[the] clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" *Khattak*, 273 F.3d at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)).

Caste argues that enforcement of the appellate waiver would work a miscarriage of justice because his sentence of imprisonment and supervised release was unreasonable. This Court has noted that, in light of *Gall v. United States*, 552 U.S. ----, 128 S.Ct. 586 (2007), and its "deferential abuse-of-discretion standard for reviewing sentencing appeals, it will be a rare and unusual situation when claims of an unreasonable sentence, standing alone, will be sufficient to invalidate a waiver because of a miscarriage of justice." *Jackson*, 523 F.3d at 244. Review of the record reveals that the current case does not present such a situation because the District Court, although it should have been more thorough, conducted a minimally adequate discussion of the § 3553(a) factors during sentencing.

Caste next argues that enforcement of the waiver would work a miscarriage of justice because the District Court violated his procedural due process rights by 1) quoting sources at sentencing without previously notifying him of its intention to do so and 2) not

5

providing Appellant with a meaningful right of allocution. Consideration of these arguments in light of the *Khattak* factors reveals that enforcement of the appellate waiver would not constitute a miscarriage of justice.

The District Court may have erred in citing documents that were not in the record without first notifying Caste of its intention to do so. *See United States v. Nappi*, 243 F.3d 758, 767 (3d Cir. 2001) (holding that a previous version of Federal Rule of Criminal Procedure 32 requires reasonable prehearing disclosure of documents considered by the District Court during sentencing); *United States v. Ausburn*, 502 F.3d 313, 323 n.14 (3d Cir. 2007) (noting that *Nappi*'s analysis applies to the current Rule 32). Even if this is the case, such an error would not constitute a miscarriage of justice. The materials relied on by the District Court are readily available to the public and were cited for information that is substantially similar to that contained in child pornography caselaw. *See, e.g., Osborne v. Ohio*, 495 U.S. 103, 109-11 (1990) (detailing the many dangers posed child pornography); *United States v. Ketcham*, 80 F.3d 789, 792-94 (3d Cir. 1996) (same). As Caste has not indicated how, if given the proper notice and opportunity to comment, he could have challenged the information in the reports in a manner that would have persuaded the District Court to impose a lesser sentence, this alleged error did not impact the defense and thus does not constitute a miscarriage of justice. *See United States v. Nappi*, 243 F.3d 758, 770 (3d Cir. 2001).

Caste's second due process argument also fails to establish that enforcement of the

waiver would work a miscarriage of justice. The District Court allowed Caste to exercise his right of allocution prior to imposing a sentence. That it did so after announcing that it was "probably clear . . . that [it is] the Court's intention to sentence the defendant to the bottom of the guideline range" does not constitute clear error, much less error sufficient to result in a miscarriage of justice. *See United States v. Burgos-Andujar*, 275 F.3d 23, 30 (1st Cir. 2001) ("When a judge announces a sentence before hearing an allocution, it is fair to assume that such a sentence is tentative and that the judge will consider the defendant's statements before imposing a final sentence."); *United States v. Laverne*, 963 F.2d 235, 238 (9th Cir. 1992) (holding that "allowing the defendant an opportunity to make a statement before the end of the sentencing hearing but after the court had orally indicated its views regarding the appropriate sentence" did not constitute error).

Thus, as Caste knowingly and voluntarily executed a valid appellate waiver, this Court declines to exercise its jurisdiction to hear his appeal. While we doubt the wisdom of imposing a 46-month sentence on a nonviolent first-time offender in his early seventies, such a sentence does not constitute a miscarriage of justice.

III.

We have considered all other arguments made by the parties, and we conclude that no further discussion is necessary. For the foregoing reasons, we will affirm the District Court's judgment in all respects.

7