NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1724
_____

UNITED STATES OF AMERICA

v.

CHARLES V. DUKES,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 07-cr-00169-001)
District Judge: Honorable Juan R. Sanchez

_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2010

Before: RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges

(Filed : July 21, 2010)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

On March 27, 2007, Charles Dukes was charged in a four-count indictment with

possession of five grams or more of cocaine base with intent to distribute, in violation of

21 U.S.C. § 841(a)(1); possession of five hundred grams or more of cocaine with intent to

distribute, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Prior to trial, Dukes filed a motion to suppress physical evidence seized by law enforcement at the time of his arrest. The District Court denied Dukes's motion. Dukes proceeded to trial on October 20, 2008 and was found guilty of all charges. The District Court imposed a sentence of 240 months' imprisonment for the drug and felon-in-possession offenses, as well as a mandatory consecutive term of 60 months for the possession of a firearm in furtherance of drug trafficking offense. Dukes brings this appeal challenging the District Court's denial of his motion to suppress and imposition of a sentence above the advisory guidelines. For the following reasons, we will affirm the orders of the District Court.

I.

As we write solely for the benefit of the parties, we will discuss only those facts necessary to resolve the appeal. According to the testimony of officers involved, on the night of August 16, 2006, acting on information received from a reliable informant, Philadelphia Police Officers Frank Bonnett,[1] Thomas Lacorte, and Fred Wiley set up surveillance in an alley three houses north of the rear garage at 7705 Temple Road. Shortly thereafter, Officer Bonnett observed Dukes walk through the alley and open the

_____

[1] The officer's surname is variously spelled "Bonatt," "Bonett," and "Bonnatt," in addition to "Bonnett," in the record materials. We follow the District Court's spelling of the officer's surname.

garage door of the residence at 7705 Temple Road. Officer Bonnett then observed a vehicle pull into the area in front of the garage. Dukes approached the vehicle and briefly conferred with the driver. The driver handed Dukes money, Dukes re-entered the garage and returned a few seconds later to the vehicle, and Dukes handed the driver small unidentified objects. Officer Bonnett observed the same pattern of activity with a second vehicle. Based on his years of experience and training as a Philadelphia Police Officer, over seven years of which has been with the Narcotic Enforcement Team, Officer Bonnett believed Dukes was distributing illegal narcotics. Acting on the belief that the small unidentified objects Dukes handed the two drivers were illegal narcotics, Officer Bonnett and the two other officers left their unmarked car and approached Dukes. Upon seeing the uniformed officers, Dukes attempted to close the garage door, but was prevented from doing so by Officer Lacorte. The officers then stopped Dukes and, upon seeing possible illegal drugs and drug packaging material in plain view in the garage, placed Dukes under arrest and conducted a search of his person.

Officer Bonnett then contacted Philadelphia Police Officer Kapusniak, describing what the officers had seen and found. Officer Kapusniak obtained a search warrant for 7705 Temple Road. Upon execution of the search warrant, Officer Kapusniak recovered the following items: six clear bags containing chunks of white substance; 100 zip-lock packets containing chunky white substances; a black grinder; a glass plate with white residue; 2 bottles of inositol; $2670 in cash; a silver gun box containing a loaded Smith &

3

Wesson handgun; and a bill and Pennsylvania license in the name of Charles Dukes. Upon conducting a field test, Officer Kapusniak confirmed that the chunky white substance was cocaine.

At his suppression hearing, Dukes disputed the officers' version of the events that led to his arrest, and testified to a dramatically different series of events. He testified that at the time in question, he was returning from the store, and that he was placing two recently purchased cartons of detergent soap inside the garage at his parents' home on 7705 Temple Road when Officer Bonnett, in plain clothes, approached and hit him, knocking his cell phone to the ground. Dukes claimed that Officer Bonnett yelled at him and hit him again, before he handcuffed him. Dukes testified that during this time, other officers had begun entering and exiting the garage, rummaging through its contents. Dukes denies that the alleged drug transactions ever occurred, arguing that he had already been arrested when those transactions supposedly took place. To support his testimony, Dukes offered a cell phone video that he claimed depicted his version of the events. Other than Dukes, no witness was called to authenticate that video.

The District Court credited the version of events as described by Officers Bonnett, Kapusniak, and Betts, and found Dukes, and Dukes's version of events, not credible. The District Court noted that Dukes's version of events was not supported by anything in the record, that it was contradicted by significant record evidence, and that the video which supposedly depicts the events of the August 16, 2006 encounter with the police merely

4

depicted "gray and random flashes of light." App. 37-38. The District Court found that Officer Bonnett had probable cause to arrest Dukes for drug sales, and that probable cause supported the search warrant, and so denied the motion to suppress.

## II.[2]

"We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and we exercise plenary review over questions of law." *United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006). Additionally, the "assessments of credibility by the trial court are entitled to great deference at the appellate level." *United States v. Brothers*, 75 F.3d 845, 853 (3d Cir. 1996). "This review is more deferential with respect to determinations about the credibility of witnesses, and when the district court's decision is based on testimony that is coherent and plausible, not internally inconsistent and not contradicted by external evidence, there can almost never be a finding of clear error." *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997).

Dukes's initial motion to suppress evidence raised numerous constitutional challenges to the police officers' actions. Dukes's appeal focuses exclusively on Dukes's warrantless arrest and the search warrant based on Officer Bonnett's plain view observations of the garage. The District Court found that "all the police's actions were constitutional" and so it decided that "all the evidence will be admitted." App. 38. We

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

5

agree.

"Police have probable cause to arrest if the circumstances are sufficient to cause a prudent person to believe that a crime has been committed and the person to be arrested committed it." *United States v. Stubbs*, 281 F.3d 109, 122 (3d Cir. 2002) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Probable cause is determined by the "totality of circumstances." *Id*. In making our determination, we examine "the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer amount to" probable cause. *Ornelas v. United States*, 517 U.S. 690, 697 (1996).

Here, the District Court found that Officer Bonnett had received information from a reliable confidential informant that Dukes was involved in selling drugs from the 7705 Temple Road garage, that he and two other officers personally witnessed Dukes engage in two apparent drug transactions from this location, and that Officer Bonnett "saw in plain view a clear plastic baggie containing several green-tinted packets of the white chunky substance later identified as crack cocaine" inside the garage at 7705 Temple Road. App. 36. This is clearly enough to establish that under the totality of circumstances, based on his experience, including his familiarity with illegal drug packaging and distribution, Officer Bonnett had probable cause to believe that Dukes had committed a crime. Because Officer Bonnett had probable cause to arrest Dukes, he could permissibly search Dukes incident to Dukes's arrest, as long as the scope of the search "is commensurate

6

with its purposes of protecting arresting officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy." *Arizona v. Gant*, 556 U.S. ___, 129 S.Ct. 1710, 1716 (2009). Here, the search of Dukes was certainly within that scope.

Dukes also contends that the warrant obtained by the police was not based on probable cause. This contention has no merit. A magistrate judge may find probable cause when, viewing the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In reviewing a decision granting a search warrant, we must determine whether the magistrate judge had a "substantial" basis for finding that probable cause existed. *Id*. The evidence supporting Officer Bonnett's arrest of Dukes—including the reliable informant's tip, Officer Bonnett's personal eyewitness corroboration of that tip, and the drugs and drug paraphernalia in plain view in the garage—was more than enough to support the magistrate judge's decision to grant a search warrant.

The only conceivable way in which Dukes might prevail on any of his claims that the police officers violated his constitutional rights is if his version of events were credited. The only evidence allegedly supporting Dukes's version of events is his own testimony and a cell phone video, of dubious origin, which does not clearly depict anything other than "gray and random flashes of light," as the District Court aptly characterized it. App. 37. The District Court's adverse credibility determination with

7

respect to Dukes is entitled to great deference. *Brothers*, 75 F.3d at 853. Accordingly, we find that the District Court properly denied all of Dukes's motions to suppress physical evidence.

III.

Dukes also contends that the above-guidelines range sentence imposed by the District Court was unreasonable and was the product of judicial vindictiveness, claiming that the District Court improperly and unduly relied upon Dukes's statements at sentencing in deciding to vary upward from the advisory guideline range. This claim has no merit.

We review a District Court's sentence first to ensure that no significant procedural error occurred and then, assuming the decision is procedurally sound, to evaluate the substantive reasonableness of the sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The District Court properly calculated a guidelines range of 200 to 235 months based on Dukes's offense level of 28 and a criminal history category of VI. At the initial February 3, 2009 sentencing hearing, the District Court indicated it was considering an upward variance. Dukes was then given an opportunity to allocute. In his address to the District Court, Dukes took the opportunity to attack the police officers who arrested him, his lawyer, the Court, and the judicial system. In order to give Dukes notice and to consider the propriety of an upward variance, the District Court scheduled a second

sentencing hearing. At the subsequent March 11, 2009, sentencing hearing, the District Court imposed an above guidelines sentence of 300 months, or an upward variance of 65 months. Dukes argues on appeal that the sentence reflected a bias on the part of the District Court and is substantively unreasonable. We disagree.

The parties do not dispute that the District Court properly calculated the guidelines range, did not treat the guidelines as mandatory, and gave due consideration to the factors enumerated in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 51. As the District Court committed no procedural error, we consider the substantive reasonableness of the sentence imposed. "For a sentence to be substantively reasonable, a district court must apply the § 3553(a) factors reasonably to the circumstances of the case." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007). Our review is deferential and inquires "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).

Dukes's criminal conduct began soon after he reached the age of majority and has continued to the present day. At the time of his arrest, Dukes was on supervised release. Despite having been convicted of a felony, Dukes has twice been found in possession of a firearm. Here, Dukes was found guilty of possession of a large amount of narcotics with intent to distribute and possession of a firearm in furtherance of drug trafficking. These are serious crimes. Dukes expressed no remorse and indeed evinced a level of contempt

9

that underscored his lack of respect for the law.  In light of Dukes's individual history and characteristics, the District Court was appropriately troubled by the adequacy of the guidelines sentence to deter Dukes from continued criminal conduct.  After thoroughly addressing the factors in § 3553(a) and the defendant's own statements, the District Court concluded that an upward variance was appropriate, citing Dukes's "substantial criminal history, his inability to conform his conduct to the law during supervision, likelihood to re-offend, contempt for law and the legal system, and lack of remorse for his conduct." App. 252.

Additionally, the District Court did not abuse its discretion in considering Dukes's statements as one of the factors in determining his sentence.  The Federal Rule of Criminal Procedure Rule 32(i)(4)(A)(ii) requires the district court to give the defendant an opportunity to address the court before sentencing.  In determining the defendant's sentence, a district court has discretion to consider any such statements made by the defendant.  *United States v. Burgos-Andujar*, 275 F.3d 23, 30 (1st Cir. 2001).  While a defendant's statements may militate in the defendant's favor, a marked lack of remorse may also give the district court reason to impose a sentence above the guidelines.  "The Sentencing Guidelines, in either their mandatory or advisory status, do not insulate a defendant from his or her own foolishness."  *United States v. Smith*, 424 F.3d 992, 1017 (9th Cir. 2005).

In light of the above, the District Court's sentencing order was considered and

10

reasonable.  We will therefore affirm.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court with respect to the denial of the motions to suppress evidence and we will affirm the District Court's sentencing order.

11