**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4046**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JEFFREY NATHAN SPARKS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:11-cr-00073-RLV-DSC-31)

Submitted: September 15, 2015       Decided: November 4, 2015

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert C. Carpenter, ADAMS, HENDON, CARSON, CROW & SAENGER, P.A., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Nathan Sparks pled guilty to conspiracy to distribute, possess with intent to distribute, and manufacture a controlled substance in violation of 21 U.S.C. § 841(a)(1) (2012). The court imposed a 63-month sentence. Sparks' counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court denied Sparks the opportunity to allocute prior to imposing sentence and whether Sparks was denied the effective assistance of trial counsel. Sparks was informed of his right to file a pro se supplemental brief, but he has not done so. For the reasons that follow, we affirm.

Based on Sparks' stipulation as to the quantity of drugs reasonably foreseeable to him and the evidence provided by law enforcement agents, the district court determined that Sparks' base offense level was 32. The court appropriately increased Sparks' offense level for possession of a firearm in furtherance of the offense and substantial risk of harm to human life. After reducing the offense level for acceptance of responsibility, Sparks' advisory Guidelines range was 168 to 210 months' imprisonment. The court departed downward to level 25 and an advisory Guidelines range of 63 to 78 months, and announced Sparks' sentence as 63 months.

Only after imposing sentence did the district court ask Sparks if he wished to say anything with regard to his sentence. Sparks responded, expressing his appreciation to the court and apologizing for his bad decisions. On appeal, Sparks contends that he was denied the opportunity to allocute prior to the court's imposition of sentence.

A defendant has a due process right to address the court and provide a statement in mitigation of sentencing. Fed. R. Crim. P. 32(i)(4)(A)(ii); Green v. United States, 365 U.S. 301, 304 (1961); Ashe v. North Carolina, 586 F.2d 334, 336 (4th Cir. 1978). Because he failed to object at sentencing, our review is for plain error. United States v. Muhammad, 478 F.3d 247, 248-49 (4th Cir. 2007). We find that the district court, by first announcing Sparks' sentence and then allowing Sparks the opportunity to allocute, did not commit plain error. See United States v. Engle, 676 F.3d 405, 425 (4th Cir. 2012) ("'[W]hen a judge announces a sentence before hearing an allocution, it is fair to assume that such a sentence is tentative and that the judge will consider the defendant's statements before imposing a final sentence.'") (quoting United States v. Burgos-Andujar, 275 F.3d 23, 30 (1st Cir. 2001)), petition for cert. filed (June 12, 2015); see also United States v. Boose, 403 F.3d 1016 (8th Cir. 2005) (finding no denial of allocution when court announced tentative sentence before allowing defendant to allocute).

3

Additionally, in light of the district court's significant downward departure, Sparks cannot show that he was prejudiced by not allocuting prior to the imposition of sentence. See United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993) (finding no prejudice to defendant by the denial of the right to allocute when there was no possibility of defendant receiving a lesser sentence).

Sparks also contends that he was denied the effective assistance of counsel with respect to his entry of a guilty plea, counsel's failure to object to and challenge sentencing enhancements, and counsel's incorrect advice as to whether Sparks should testify at sentencing. We decline to reach Sparks' claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that these claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sparks' conviction and sentence. This court requires that counsel inform Sparks, in writing, of the right to petition the Supreme Court of the United States for further review. If Sparks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sparks. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED