`In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3217

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

HUNTER D. ROUSH,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:19-cr-20003-MMM-EIL-1 — **Sue E. Myerscough**, *Judge.*

SUBMITTED NOVEMBER 6, 2020[*] — DECIDED JUNE 21, 2021

Before ROVNER, BRENNAN, and ST. EVE, *Circuit Judges.*

ROVNER, *Circuit Judge*. The defendant, Hunter D. Roush, pled guilty to transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1), and possession of

[*] We granted the parties' joint motion to waive oral argument for this case, agreeing that this appeal could be resolved on the briefs and record and that oral argument would not significantly aid the decisional process. Fed. R. App. P. 34(f).

child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court imposed a below-Guidelines sentence of 188 months' imprisonment on Count I and 120 months' imprisonment on Count II, followed by 10 years of supervised release on each count, all running concurrently. Roush now appeals, arguing that the court erred in failing to properly identify the Guidelines range and that the court erred in failing to consider his primary arguments in mitigation before imposing the sentence. Neither argument has merit.

First, Roush argues that the court failed to properly calculate the Guidelines range. Specifically, he alleges that the court imposed the 188-month term of incarceration and 10-year supervised release without ruling on the issue of acceptance of responsibility and without making a determination of the appropriate Guidelines range at sentencing. "The district court has the ultimate responsibility to ensure that the Guidelines range it considers is correct, and the '[f]ailure to calculate the correct Guidelines range constitutes procedural error.'" *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018), quoting *Peugh v. United States*, 569 U.S. 530, 537 (2013); *United States v. Miller*, 829 F.3d 519, 527 (7th Cir. 2016) (recognizing that in considering such a procedural challenge, we must ensure that the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) factors, and adequately explained the sentence.) Because Roush did not raise the alleged procedural error in the district court, we review the claim for plain error. *Rosales-Mireles*, 138 S. Ct. at 1904. Under that standard, we may remedy the error if it is plain, it was not intentionally relinquished or abandoned, and it affected the defendant's substantial rights. *Id*. Once those hurdles are met, we have the discretion to correct the forfeited

error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 1905.

Under that plain error standard, or any standard, the claim cannot succeed because the record does not support the claim of error. A review of the sentencing transcript reveals that the court recognized the proper Guidelines range, which is confirmed in the court's post-sentencing statement of reasons, and awarded the two-level deduction for acceptance of responsibility, which was the only deduction available to Roush on that basis. The court at the sentencing hearing first adopted the factual findings of the presentence report as its own, subject to ruling on any objections of Roush. The court then identified the relevant increases and deductions from the base amount. It held that Roush's base offense level was 22, and that the following increases were applicable: 2-level increase because the offense involved images of minor children as young as 5 years old; 5-level increase because Roush distributed child pornography in exchange for valuable consideration but not for pecuniary gain; 4-level increase because Roush possessed images that portrayed sadistic conduct or other depictions of violence; and a 5-level increase because Roush was responsible for possessing at least 21 video files which represent 1,575 images of child pornography. The court noted that the offense level was thereby increased to 38.

The court then held that "[a] two-level deduction for acceptance of responsibility brings it back down to 36," and asked the government whether it was going to move for an additional one-level deduction for acceptance of responsibility. Sent. Tr. Doc. 18 at 7. Unlike the 2-level deduction, that additional one-level deduction for acceptance of responsibility can be provided only upon motion by the government.

*United States v. Nurek*, 578 F.3d 618, 624 (7th Cir. 2009); *United States v. Deberry*, 576 F.3d 708, 710 (7th Cir. 2009). The government responded that it believed that at least one of the defendant's objections was frivolous, and depending upon the court's ruling as to the distribution enhancement in particular, it would not move for that additional reduction. In light of that response, the court stated "[s]o it stands at 36 now, and after I rule, I'll determine whether he may get the 35, if the Government so moves. Sent. Tr. Doc. 18 at 8.

After considering and denying Roush's objections to specific enhancements, the court reiterated that it adopted the fact findings in the PSR. The government then restated its earlier position that it did not believe that Roush should be given the acceptance of responsibility credit. In light of that position, the court then asked a question of Tom Brown from Probation to clarify the range that would then apply: "I do have a question. Mr. Brown, if the Government is not moving for the one-level deduction, that means the defendant has an offense level of 36. Does that change the Guidelines at all?" *Id*. at 27. Brown responded that the Guideline range for the offense level of 36 would then be 210 to 262 months, and a statutory maximum of 120 months for Count II. *Id*. at 28. The government argued for 235 months, Roush spoke separately himself and requested 120 months, and the court departed downward from the Guidelines and imposed 188 months.

Given that record, there is no factual support for the claim that the court failed to calculate the Guidelines range, or that the court failed to rule on the issue of acceptance of responsibility. As to acceptance of responsibility, the court in fact granted Roush a two-level deduction for acceptance of responsibility, and the additional one-level deduction was not

before the court because it can be awarded only if the government requests it and the government chose not to do so. Because that deduction was unobtainable absent a motion by the government, there was nothing for the court to rule on with respect to that deduction and therefore the argument that the court failed to rule on acceptance of responsibility is unfounded. Furthermore, the court properly recognized the offense level of 36 applied, and clarified on the record the Guidelines range of 210 to 262 months applicable to Roush given his offense level and criminal history. And that was confirmed in its subsequently-filed statement of reasons, in which the court reiterated that the Guidelines range for Roush was 210 to 262 months' imprisonment. Roush does not claim that the offense level or Guidelines range so identified was incorrect. Accordingly, Roush's claim of procedural error is unfounded.

The remaining challenge by Roush is that the court erred in failing to consider Roush's primary arguments presented in mitigation when it failed to consider his "comprehensive allocution" before determining his sentence. Because Roush failed to object in the district court, we review for plain error, which is satisfied only for errors that are plain and affected the defendant's substantial rights, and for which we may reverse, in our discretion, if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Luepke*, 495 F.3d 443, 448 (7th Cir. 2007).

Roush argues that he "spoke three times at sentencing:" first, in his testimony at sentencing, second, in his statement to the court prior to sentencing, and third, in a statement to the court after sentencing. He asserts that the court failed to consider the arguments in mitigation in that final statement,

and the court did not reconsider the sentence in light of those arguments.

Roush testified at length in the sentencing hearing and affirmed that the testimony represented his "position in terms of how [he] want[s] the court to sentence [him]." Sent. Tr. Doc. 18 at 20. Prior to determining the sentence, the court invited counsel for the government and the defendant to present any arguments. Following their statements, the court turned to Roush and declared: "Mr. Roush, now is your opportunity to speak. Do you wish to be heard?" *Id*. at 31. Roush responded in the affirmative, and the court stated "Please proceed." *Id*. Roush used that opportunity to argue for a sentence of a maximum of 120 months, noting it would give him enough time to obtain schooling and counseling while not impeding his ability to rehabilitate back into society upon release. Following that statement and a sidebar, the court took a 5-minute recess. Upon its return, the court proceeded to apply the § 3553 factors and concluded that a below-Guidelines sentence of 188 months on Count I and 120 months on Count II, served concurrently, was appropriate.

After setting forth the sentence and conditions, the court asked defense counsel if it had addressed all matters in mitigation, and defense counsel responded that the court had done so. The court then asked Roush if he had any questions. Roush first responded that he still did not agree with "the whole niece thing," referring to his prior admissions that he had exposed himself to his niece when she was one to two years old and had sexually assaulted her. When Roush's attorney noted that the court asked if he had questions and that was not a question, Roush then stated "oh, I have this–this court statement that I typed up that I was wondering when

I'd be able to read to the court." *Id*. at 36. The court responded that he had asked Roush earlier if he had anything he wished to say, but allowed Roush to proceed to read the letter. After Roush read the letter to the court, the court asked if there were any objections to the sentence imposed, and defense counsel and government counsel both responded that there were not. Counsel for the government noted that the letter from Roush had the same substantive information that Roush had already testified to at the sentencing hearing prior to the court's determination of the sentence. She then asked the court "to find that the Court has already considered the major points in his allocution to the Court even prior to imposing sentence," and the court affirmed that it had considered the major points and added that it appreciated Roush's apology. *Id*. at 42.

On appeal, Roush essentially considers the reading of the letter as an extension of his allocution, and contends that the court erred in failing to reconsider the sentence in light of that statement. Roush provides no support for the argument that he was entitled to a second allocution, or that the court's decision to allow him to speak post-sentencing somehow triggered a requirement to reconsider the sentencing determination. Compare *United States v. Burgos-Andujar*, 275 F.3d 23, 28–31 (1st Cir. 2001) (recognizing that there is no right to a second allocution but affirming the ability of the judge, prior to sentence, to agree to allow a second opportunity for the defendant to speak). In some cases in which an allocution followed the sentence determination, courts have recognized the need for the district court to reconsider the sentence anew, but here there is no dispute that an opportunity to allocute was provided presentencing. Even where the opportunity to allocute is not properly provided, in the absence of an objection in the

district court we have upheld the sentence in the rare circumstance in which the "facts of a particular case … compel a conclusion that any violation of the defendant's right to allocute[e] did not affect seriously the fairness of the judicial proceedings." *United States v. Noel*, 581 F.3d 490, 503 (7th Cir. 2009) (upholding the sentence even though the defendant was not personally invited to speak where fairness of the proceedings was not impacted because the substance of the allocution was delivered through the reading of the defendant's letter and a below-Guidelines sentence was imposed).

We need not determine whether the reading of the letter constituted a continuation of the allocution in this case, because regardless of its characterization, the record demonstrates that prior to its determination of the sentence, the court had already heard from Roush directly as to all of the material points raised in that letter. Roush argues that in failing to reconsider the sentence, the court failed to consider evidence Roush presented as to his character and post-offense rehabilitation, his losses, his newly-expressed remorse for his conduct and desire for victim forgiveness. All salient issues in mitigation, however, were considered by the court before it determined the sentence because Roush presented the same substance to the court in his testimony at the sentencing hearing and in his pre-sentence allocution.

In his testimony at the sentencing hearing, Roush detailed his history of asthma and of mental health issues such as anxiety and depression, and his past arrest for aggravated child pornography. He also asserted that he did not obtain the child pornography material in this case for personal use, but rather that he received the files as part of an effort to obtain the IP

addresses of those who traded in such material, with the intention to supply that information to the police. In addition, he stated that his earlier admission to a law enforcement officer that he fondled the genitals of his two-year-old niece was made because the officer told him that they would sit there for hours until he got the answer he wanted. In his allocution prior to sentencing, Roush added that a 10-year sentence should be imposed because that would give him enough time to obtain an education and receive counseling, and that a sentence of twenty years would impede his ability to reincorporate into society.

Roush's post-sentencing statement reiterated the same substantive points already presented to the court in that testimony and allocution, and considered by it in determining the sentence. As in his testimony, Roush devoted much of his post-sentence statement to the contention that his conduct was never about sexual gratification and did not evidence any criminal intentions. Instead, he contended that in receiving the child pornography he was trying to do something positive and that it was an effort to catch the people who sought out that type of pornography. Along those same lines, he argued that the collection of IP addresses to identify wrongdoers was a part of his propensity to collect things. As he had done before, he informed the court that he had multiple mental health issues including depression and anxiety.

The only new arguments in mitigation made by Roush were: his assertions that he had lost a lot in jail, including missing family, friends, and significant events such as funerals and birthdays; and his regret that he had failed in his intention to reveal the wrongdoers and therefore failed the victims, and that he had hurt people in the past. As to the first of

these, the impact of jail on missing family events is a general, universal consequence of incarceration, of which a court is aware and which is not a mitigation factor that the court here was required to specifically address. See generally *United States v. Barr*, 960 F.3d 906, 914–15 (7th Cir. 2020); *United States v. Villegas-Miranda*, 579 F.3d 798, 801–02 (7th Cir. 2009).

That leaves only the regret expressed by Roush, which Roush argues is relevant to show remorse and acceptance of responsibility. At the outset, we note that the "remorse" and "acceptance of responsibility" expressed in that statement was questionable at best. Roush spent much of the statement repeating a contention that the court had already heard in his testimony at sentencing, that his actions in procuring child pornography were not with criminal intent, but rather were for the purpose of capturing the IP addresses of others seeking child pornography with the intent to bring that information to the police. That argument is inconsistent with his guilty plea, and rendered even less credible in light of his prior child pornography state court conviction and his admission to fondling his two-year-old niece. Nothing in that expression of regret would have been likely to alter the sentence in his favor, and its core notion that his actions were an effort to aid law enforcement and not criminal in intent had already been stated by him to the court prior to sentencing. See *United States v. Covington*, 681 F.3d 908, 911 (7th Cir. 2012) (finding no prejudice although the court interrupted the defendant's allocution because the defendant had been given an opportunity to address the court at length before the interruption and had discussed the same topics of mental health that he now argues he would have raised, and the court based its decision on an unrelated ground).

In addition, the government sought a clarification following that post-sentencing statement by Roush, to ensure for the record that the issues raised in the post-sentencing statement had already been considered by the court prior to determining the sentence. In response, the judge stated that she appreciated the apology from the defendant, and affirmed that the sentence previously issued already reflected consideration of the main points made by the defendant in the post-sentencing statement. Accordingly, the record indicates that the court considered the salient arguments made by Roush in mitigation, and therefore—even if we were to somehow construe the post-sentencing statement as an extension of his allocution— the facts do not demonstrate that the procedures followed by the district court resulted in any prejudice to Roush nor do they indicate that the fairness of the proceedings was affected.

The decision of the district court is AFFIRMED.